# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BENITA FITZ,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CV00012 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams & Rutherford, Norton, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, and Michael McGaughran, Regional Chief Counsel, and Anne von Scheven, Assistant Regional Counsel, Region III, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I reverse the final decision of the Commissioner and remand for further proceedings consistent with this opinion.

I

Benita Ann Fitz filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act ("Act"), 42

U.S.C.A. §§ 401-433, 1381-1383(f) (West 2003 & Supp. 2008). Jurisdiction of this court exists pursuant to §§ 405(g) and 1383(c)(3).

My review under the Act is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, the court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff protectively filed for DIB and SSI on January 23, 2004, alleging disability beginning on December 2, 2003. (R. at 56-59.) In a subsequent Disability Report, the plaintiff claimed that she was disabled by reason of Graves' Disease, anemia, carpal tunnel syndrome, and high blood pressure. (R. at 65.) Her claim was denied initially on July 16, 2004 (R. at 32-36), and upon reconsideration on December 14, 2004. (R. at 39-41, 229-30.)

The plaintiff filed a request for a hearing before an administrative law judge ("ALJ") on January 27, 2005. (R. at 42-43.) The plaintiff was notified by letter that her hearing was scheduled for April 25, 2006, in Roanoke, Virginia. (R. at 50-55.) On that day, the plaintiff appeared without counsel. (R. at 231-51.) The

ALJ advised the plaintiff of her right to have counsel present and encouraged the plaintiff to obtain counsel. (*Id.*) With the plaintiff's consent, her hearing was continued to allow her time to find an attorney. (R. at 242, 244, 247.)

The hearing was rescheduled for September 12, 2006, and the plaintiff again appeared without an attorney. (R. at 255.) After a brief discussion about the plaintiff's difficulties in finding counsel (R. at 255-58), the hearing was held. In response to questioning by the ALJ, the plaintiff testified. (R. at 258-69.) Vocational Expert Ann Marie Cash was also present and testified. (R. at 269-76.) By a decision dated October 23, 2006, the ALJ denied the plaintiff's claims for SSI and DIB. (R. at 14-23.)

On December 18, 2006, the plaintiff designated present counsel to represent her. (R. at 10.) She next filed a request for review with the Social Security Administration's Appeals Council ("Appeals Council") on December 23, 2006. (R. at 8-9.) By notice dated January 24, 2007, the Appeals Council denied the plaintiff's request for review. (R. at 5-7.) Thus, the ALJ's opinion constitutes the final decision of the Commissioner. The plaintiff has filed a complaint with this court objecting to the final decision of the Commissioner.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

- 3 -

II

The summary judgment record reveals the following facts. Benita Ann Fitz was born on August 11, 1962. (R. at 30.) She was forty-four years old at the time of the ALJ's decision, making her a younger individual under the Commissioner's Regulations. *See* 20 C.F.R. § 416.963(c) (2008). She completed the eleventh grade and has not obtained a G.E.D. (R. at 263.) The plaintiff alleged disability based on Graves' Disease,[1] high blood pressure, carpal tunnel syndrome, and anemia. (R. at 65.)

The plaintiff appeared at the first hearing before the ALJ without counsel. (R. at 233.) At that time, the ALJ strongly encouraged her to seek representation. (R. at 235-38, 240, 247.) He discussed with her the importance of having an attorney, observing that he had never had a claimant appear pro se before him. (R. at 235.) He explained that an attorney would be able to ensure that the record was complete so that her claim could be fully and accurately presented to the ALJ. (R. at 239-42.)

He also noted that the record had not been updated with any new medical records since the time that the plaintiff filed her original claim for disability, in

---

[1] Graves' Disease is "[a] distinct type of hyperthyroidism caused by an autoimmune attack on the thyroid gland. It typically produces enlargement of the thyroid gland and also may have ocular findings . . . ." *Taber's Cyclopedic Dictionary* 868 (19th ed. 2001).

- 4 -

2004. (R. at 240, 245.) Two years had passed since that time and the record was silent as to the plaintiff's current medical condition. The plaintiff said that she had experienced problems obtaining her medical records directly from her provider, and the ALJ acknowledged that problem was not uncommon. (R. at 247-48.) He advised that an attorney would be able to assist with that process and that, if need be, the records could be subpoenaed. (R. at 248.)

The ALJ provided some guidance as to who the plaintiff might contact to provide her assistance in pursuing her DIB and SSI claims. (R. at 236-37.) He then continued the hearing until such time that the plaintiff had counsel. (R. at 251.)

At the rescheduled hearing, approximately five months later, the plaintiff again appeared without an attorney. (R. at 255.) After only a brief conversation about her continuing difficulties finding representation, the hearing commenced and the plaintiff proceeded pro se. (R. at 255-57.) The record had not been updated since the first attempted hearing, and therefore it remained bereft of information about the plaintiff's current physical condition or her condition for the past two and one-half years. (R. at 258.)

The ALJ found that she had the following severe impairments: degenerative disc disease, diabetes, hypertension, obesity, Graves' Disease, and visual deficits.

(R. at 17.) The ALJ found that her carpal tunnel syndrome, anemia, and heart murmur were nonsevere impairments. (*Id.*) The ALJ further concluded that the plaintiff had the residual functional capacity to perform light exertional work with the additional limitation to avoid work requiring good vision.[2] (R. at 19.) Finally he found that although the plaintiff was not able to return to her past relevant work as a cook, custodian, or machine operator, there were jobs existing in significant numbers in the national economy for which she was qualified and had the skills to perform. (R. at 21-22.) In short, the ALJ concluded the plaintiff was not disabled. (R. at 23.)

III

The plaintiff argues that the ALJ's conclusion was not supported by substantial evidence because there was insufficient information in the record from which the ALJ could decide whether the plaintiff was disabled. Further, the plaintiff argues that the record was inadequate because the ALJ failed to fulfil his heightened obligation to assist a pro se claimant in developing the record. The

---

[2] The ALJ found that the plaintiff had the "residual functional capacity to lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk about 6 hours total in an 8-hour workday; sit about 6 hours total in an 8-hour workday; could occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl, but should not climb ladders, ropes or scaffolds; should not work around hazards; and should avoid work that requires vision." (R. at 19.)

6

Commissioner contends that the plaintiff's lack of representation is, in and of itself, insufficient to warrant a remand, and that the ALJ diligently developed the record at the second hearing.

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical . . . impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

The plaintiff is entitled to a full and fair hearing before an ALJ in pursuing her claims. 20 C.F.R. §§ 404.929, 404.944 (2008). She is also permitted to have representation at that hearing to assist her in presenting her claims to the ALJ. 20 C.F.R. § 404.949 (2008). Regardless of whether a claimant is represented, the ALJ has an independent duty to develop fully and fairly the record so that he may make an informed decision about the claimant's eligibility for SSI and DIB. *Mink v. Apfel*, No. 99-2480, 2000 WL 665664 at *2 (4th Cir. 2000) (unpublished); *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). If, however, the claimant is unrepresented at the hearing, the ALJ's duty to develop the record is heightened.

- 7 -

*Id; Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980). Finally, although the plaintiff bears the burden of proving that she is disabled, the ALJ may not "rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook*, 783 F.2d at 1173. "[F]ailure to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944 [may] amount[] to neglect of [the ALJ's] duty to develop the evidence." *Id.* at 1173-74.

In this case, the plaintiff, who had a limited education, appeared without representation at both of her hearings. (R. at 233, 255.) In the first hearing, the ALJ explained the importance of having counsel and indicated that he had never before had a claimant appear pro se before him. (R. at 235-38, 240, 247.) He told the plaintiff that her file lacked medical records for the previous two years and that it was very important he have those records before deciding her case. (R. at 240, 245.) After the plaintiff said she was having problems obtaining her medical records, the ALJ explained an attorney would be able to help her with that task. (R. at 247-48.) He also indicated that he could subpoena the records. (R. at 248.) Before she left the hearing, the ALJ reiterated the importance of finding representation and updating the record. (*Id.*)

At the second hearing—approximately five months later—the plaintiff appeared without representation. (R. at 255.) After determining that the plaintiff had been unable to secure representation, the ALJ proceeded with the hearing. (R. at 255-57.) He observed that the record was still devoid of any medical records past the time that the plaintiff filed her original claim in 2004. (R. at 258.) Inexplicably, he did not question her about those missing records. Nor did he did question the plaintiff about what treatment she had been undergoing for the past two years or about her health condition at the time of the hearing. When the plaintiff told him she was unable to get a driver's license because of vision problems, he asked whether she was able to read and noted that she was able to see him. (R. at 264.) Although he questioned her about her current medications, he did not inquire as to their efficacy. (R. at 265-66.) "[H]is failure to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944, amounted to neglect of his duty to develop the evidence." *Cook*, 783 F.2d at 1173-74.

Altogether, the ALJ's curiosity about the plaintiff's medical condition and his diligence in satisfying that curiosity leave much to be desired. Consequently, the most recent medical document in the administrative record is dated December 10, 2004. (R. at 205-212.) The plaintiff's last insured date under the Social

Security Act will be December 31, 2008. Thus, the plaintiff's medical condition at the time of the hearing and in the preceding two years was relevant to whether she was eligible for benefits.

The ALJ's failure to develop the record and obtain sufficient evidence from which a reasoned conclusion about the plaintiff's disability could be drawn, is tantamount to a deprivation of a full and fair hearing. Accordingly, the case is remanded so that the record may be more fully developed and the plaintiff may have her claims decided upon the basis of a robust record. *See Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). In so remanding, I make no judgment about the likelihood that the plaintiff will succeed in proving that she is disabled.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment will both be denied and the case will be remanded to the Commissioner for further proceedings consistent with this opinion. A separate order will be entered herewith.

DATED: June 19, 2008

s/ JAMES P. JONES
Chief United States District Judge